UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-23098-CIV-WILLIAMS

EDILBERTO GARCIA,

    Plaintiff,

vs.

US INTERMED CORP., d/b/a USI
LANDSCAPING, and JUAN MASSON,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiff's Verified Motion for Attorney Fees and Costs (DE 20), to which Defendant filed a Response in Opposition to Plaintiff's Verified Motion for Attorney Fees and Costs (DE 23), and Plaintiff filed a Reply (DE 24).

In this Fair Labor Standards Act (FLSA) action, Defendants made, and Plaintiff accepted, an offer of judgment that included $8,000 (for unpaid wages and liquidated damages) and reasonable attorney's fees and costs (DE 18, 18-1). Because this is an FLSA action, the Court must determine that any compromise reached by the Parties is a fair and reasonable resolution of a bona fide FLSA dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Furthermore, the Court must review the reasonableness of attorney's fees to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. 2009).

With regard to compensation for unpaid wages and liquidated damages, Plaintiff sought over $20,000 from Defendants (DE 6) but agreed to accept $8,000 and a final, enforceable judgment (DE 18-1). To the extent Defendants' agreement to compensate Plaintiff is a compromise, the Court finds that it is a fair and reasonable resolution of Plaintiff's claim.

Plaintiff also requests almost twice his own compensation -- $15,060 -- in attorney's fees and costs (DE 20), and the Court must determine whether this request is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The party seeking fees bears the burden of establishing the reasonableness of the hourly rate and the number of hours expended. *Id.* at 433. Further, "[f]ee applicants are required to exercise "billing judgment" and exclude these hours from their fee application." *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) (citing *ACLU of Ga. v. Barnes,* 168 F.3d 423 (11th Cir.1999)). If the fee applicant does not use "billing judgment," the Court should exclude from its initial fee calculation "hours that are excessive, redundant, or otherwise unnecessary." *Id. (*citing *Hensley,* 461 U.S. at 434).

Applying this standard to Plaintiff's fees request, the Court finds that the following fees, which were challenged by Defendants (DE 23), are "excessive, redundant, or otherwise unnecessary":

| Legal Task: | Plaintiff Requests: | Court Awards: |
|---|---|---|
| Interoffice Conferences | $1,350 | $1,000 |
| Joint Schedule Report | $805 | $400 |
| Researching (non-existent) Conflict of Interest | $375 | $0 |
| Coordinating Mediation | $125 | $0 |
| Reviewing Initial Disclosures (which were not drafted until a day later) | $105 | $0 |
| Drafting Initial Disclosures | $200 | $100 |
| Drafting Discovery Responses | $2260 | $1,130 |
| Preparing for Deposition | $2170 | $1,500 |
| Drafting/Reviewing Fees Motion | $1490 | $750 |
| Reviewing Offer for Judgment/Passing it on to the client | $175 | $75 |
|  | Total Requested:$9,055 | Total Awarded: $4,955 |

The Court thus finds that a reduction in the above fees from $9,055 to $4,955 is appropriate, which is a $4,100 total reduction in fees. Plaintiff is thus entitled to a fees award of $9,980 instead of the $14,080 fees award requested.

Upon Defendants' request (DE 23), the Court also reduces the costs sought by Plaintiff from $980 to $630, because Plaintiff may not recover the cost of mediation.

Accordingly, Plaintiff's Verified Motion for Attorney Fees and Costs (DE 20) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may recover $10,610 in fees and costs from Defendants. The Court will enter final judgment by separate Order.

**DONE AND ORDERED** in chambers in Miami, Florida, this 14 day of May, 2014.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE